IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSEPH DOPKO, JR. PLAINTIFF

v. Civil No. 5:26-cv-05182-CDC

CITY OF FAYETTEVILLE, ARKANSAS;
CITY OF SPRINGDALE, ARKANSAS;
CITY OF BENTONVILLE, ARKANSAS;
CHRIS MILLER (Corporal); JUSTIN
BURKE (Officer); UNKNOWN K9
OFFICER 1-2; and UNKNOWN OFFICER 1-
2.

DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Joseph Dopko, Jr., proceeding *pro se* and seeking leave to proceed *in forma pauperis,* filed this action alleging violations of his civil rights under 42 U.S.C. § 1983. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and Plaintiff's claims require dismissal, the Court enters its findings as a Report and Recommendation, and the case will be reassigned to a United States District Judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; General Order 2024-02. Currently before the Court is his failure to follow the Court's Order of August 31, 2026, failure to comply with the Court's imposed deadline and to prosecute this instant case.

## I. DISCUSSION

Plaintiff filed his deficient Complaint and *in forma pauperis* ("IFP") application on July 22, 2026. (ECF Nos. 1–2). On August 6, 2026, after a review of his Complaint and IFP

application, the Court ordered Plaintiff to cure deficiencies in both by August 27, 2026.[1] (ECF Nos. 8–9). When Plaintiff failed to respond, on August 31, 2026, the Court ordered Plaintiff to show cause for failure to obey the Court's Orders by September 21, 2026. (ECF No. 11). On the day of the deadline, Plaintiff moved for an extension of time to file an amended complaint but was silent on an extension for the filing of a completed IFP application which he was also required to submit in order to proceed *in forma pauperis*. *See* ECF No. 12.

Plaintiff's motion for an extension, which also appears to be AI-generated,[2] cites his homelessness and unemployment as limiting his "reliable access to necessary resources, and the means needed to properly prepare and file the amended complaint." *See id.* The Plaintiff averred that he had found employment and would receive his first paycheck on September 22, 2026. *Id*. The Court was not fully persuaded that additional resources were required for Plaintiff to reduce his (38)-page, also apparently AI-generated Complaint, onto the Court's approved concise complaint form, or to answer Question 3(a) of his IFP application. Although Plaintiff's stated reasons were thin, the Court, being mindful of his *pro se* status, found that Plaintiff made the minimal showing of good cause and granted Plaintiff's motion for an extension of time to file an amended complaint and submit a completed IFP form by October 7, 2026. *See* Fed. R. Civ. P.

[1] Plaintiff's Complaint included a 'Notice to the Court' with a 'reservation of rights' and a memorandum in support of a motion for the appointment of counsel in his discursive 38-page, apparently AI-generated pleading that fails to comply with the Rule for pleading a claim for relief. *See* Fed. R. Civ. P. 8(a). Therefore, this Court ordered the non-prisoner Plaintiff to refile his Complaint on the Court-approved form. *See* Fed. R. Civ. P. 83(b).

[2] Plaintiff's apparent reliance on generative AI for the substantive and other content of his filings does not relieve him of his obligation to comply with the Federal Rules of Civil Procedure and this Court's Local Rules. *See* Local Rule 5.5(c)(2) ("Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."). Local Rules require a party proceeding *pro se* to sign his filings personally; a typed "/s/" signature does not satisfy those requirements. *See id*. 5.1(c); 5.5(c)(2).

6(b)(1)(A). The Court cautioned Plaintiff that no further extensions of this deadline would be granted absent extraordinarily good cause. (ECF No. 13).

To date, Plaintiff has not responded, submitted an amended complaint or completed IFP application. None of the Court's Orders have been returned as undeliverable.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently .... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

E.D. & W.D. ARK. CIV. L.R. 5.5(c)(2).

The Federal Rules of Civil Procedure specifically contemplate the involuntary dismissal of a case where the plaintiff fails to prosecute or fails to comply with orders of the court. *See* FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (noting that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Here, the Plaintiff has failed to comply with the Court's Order of August 31, 2026 to show-cause for failing to file an amended complaint and a completed IFP application, and to continue to prosecute this instant suit.

## III. CONCLUSION

Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to obey the Order of the Court and to prosecute this case. FED. R. CIV. P. 41(b).

**Referral Status: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**IT IS SO ORDERED** this 13th day of October 2026.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE